1
12/09/97
Initial Complaint

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### Miami Division

97 DEC 10 PM 3: 25

C....... E
C......... CT.
S.D. OF ..... MIAMI

JAMES BROWN, individually
        Plaintiff,

vs.

CITY OF MIAMI BEACH, a Municipal Corporation
in Dade County, State of Florida; OFFICER DOUGLAS
DOZIER, an individual, and an OTHER UNKNOWN
PERSON, employed by City of Miami Beach.

        Defendants.

_____/

Case No.: 97-
FBN: 0780715

# 97-3986
# CIV-LENARD

MAGISTRATE JUDGE
JOHNSON

## COMPLAINT

COMES NOW Plaintiff, James Brown, (hereinafter referred to as "Brown"), by and through his undersigned counsel and files this COMPLAINT. sues Defendants, City of Miami Beach, a municipal Corporation (hereinafter referred to as "City of Miami Beach"), Officer Douglas Dozier (hereinafter referred to as "Dozier"), and another unknown person, employed by City of Miami Beach ( hereinafter referred to as "Unknown Defendant",) and states as follows:

### GENERAL ALLEGATIONS

This is a civil action pursuant to 42 U.S.C. section 1983 seeking damages against Defendants for committing acts, under color of law, which deprived Plaintiff of rights secured under the Constitution and laws of the United States. Pursuant to this statute it is alleged that Defendants: deprived Plaintiff of his liberty without due process of law and made an unreasonable search and seizure of Plaintiff, thereby depriving Plaintiff of his rights, privileges and immunities as guaranteed by the Fourth , Fifth, and Fourteenth Amendments to the Constitution of the Untied States. Plaintiff also brings related pendant

1|g2

2
12/09/97
Initial Complaint

claims pursuant to State law: Negligence, False Imprisonment and Battery alleged against the Defendants.

## Jurisdiction

1. This action is brought pursuant to the provisions of 42 U.S.C. sections 1983 and 1988. Jurisdiction is based upon the provisions of 28 U.S.C. sections 1331, 1343 as well as the supplemental jurisdiction of this Court as codified in 28 U.S.C. section 1367. All the acts complained of occurred in Dade County, Florida, making venue in the Southern District of Florida, Miami Division, proper. All conditions precedent to the institution of this action have been satisfied or have been waived.

2. The good faith amount in controversy exceeds the sum of $50,000.00 excluding interest, fees and costs.

## PARTIES

3. Plaintiff, Brown, is and was at all times material a resident of Dade County, Florida and a citizen of the Untied States.

4. Defendant, City of Miami Beach, is a municipality existing pursuant to Florida law and a political subdivision of the State of Florida. The Defendant, City of Miami Beach, maintained and operated a police department known as the City of Miami Beach Police Department for which the individual Defendants, at all times material, were employed.

5. Defendant, Dozier, is and was at all times material, an officer with the City of Miami Beach Police Department.

3
12/09/97
Initial Complaint

6. Defendant, Unknown, is and was at all times material, an officer with the City of Miami Beach Police Department.

7. At all times material all Defendants, except as set forth below, were acting within the scope of their respective employment and pursuant to the laws, customs, ordinances, policies and practices of the City of Miami Beach Police Department. All Defendants, except as set forth below, were acting at all times material under color of State Law.

8. The Plaintiff, Brown, is suing the City of Miami Beach in its official capacity, and the individual Officers in their individual capacities as set forth more specifically in each count of the Complaint.

## FACTS

9. On February 6, 1997, at approximately 10:00 pm. Plaintiff, Mr. James Brown, was walking to work near the area of 20 Street and Liberty in Miami Beach. At this time and place Defendant and their employees were conducting a sting operation for street level narcotics sales; "attempting to purchase crack cocaine".

10. At this time and place it was alleged that a Mr. Arslan Sabanac sold crack cocaine to undercover officer, Joseph Duque. (see attached arrest affidavit as exhibit "A").

11. A signal was given by officer Duque to "take down"(arrest) Mr. Sabanac. (see police report attached as exhibit "A").

4
12/09/97
Initial Complaint

12. According to the deposition of officer Joseph Duque, the signal to arrest Mr. Brown was never given because the officer "hadn't made any transaction with Mr. Brown". (see attached exhibit "B" page 14).

13. The officers knew to take down James Brown "[B]because he was in very close proximity to where [Officer Duque] was when [he] made [his] transaction" with the other individual. (see attached exhibit "B" page 18).

14. Officer Dozier, among other officers, did the "jump out" and took down James Brown.

15. Roughly five (5) masked officers jumped out of unmarked vehicles and began to chase Mr. Brown. Not one identified himself as a police officer.

16. Mr. Brown, not having heard the officers identify themselves and in fear of his safety; seeing masked men begin to chase him, began to run.

17. Defendant, Officer Dozier, chased Mr. Brown, night stick in hand, ordered him to stop, caught Mr. Brown and struck him with his stick to Mr. Brown's face, smashing Mr. Brown's facial bones to the extent that Defendant, Dozier, fractured Mr. Brown's bone in numerous places; requiring the placing of metal plates for support of the facial structure.

18. All of these actions and/or omissions caused Mr. Brown to suffer permanent bone, nerve, cosmetic and inner nose injury.

19. At no time prior to being taken down with a stick to the face did Mr. Brown provoke officer Dozier or give officer Dozier reason to believe that he was in danger or that the

Plaintiff was in any way threatening him or even capable of offering any corporal force whatsoever. Dozier and the other Unknown Defendant had absolutely no statutory, moral, legal or other justification for the use of any force in effecting the arrest. Nor did they have any justification for the arrest of Mr. Brown.

20. The initial apprehension of Mr. Brown was accomplished with the assistance of Unknown Defendant. Neither Unknown Defendant nor officer Dozier had reasonable or probable cause in order to legally effectuate the initial apprehension of Mr. Brown.

21. The arrest and apprehension of Mr. Brown was completely pretextual and unjustified. This is clear by the lack of any underlying offense charged to support the only count charged, resisting arrest without violence.

22. The arrest affidavit by officer Dozier states merely that Mr. Brown was "present During a Buy Bust narcotics operation." (see attached exhibit "C"). It then states that "During the ' " Jump-Out phase" ' of the operation the D. was ordered to stop. The D. Took off Running . . ignoring an order to Halt. The D. was stopped by officer Dozier "

23. Nowhere does it state what lawful performance of the legal duty officer Dozier and/or the other unknown Defendant were performing. Nor does the affidavit of Officer Dozier state how Mr. Brown was stopped.

24. Without probable cause or any justification whatever, Defendants, Dozier and Unknown, agreed to and did maliciously charge Plaintiff with the offense of resisting arrest without violence.

6
12/09/97
Initial Complaint

25. Because of Defendants' malicious charges against Plaintiff, Brown, Plaintiff was detained without cause by the police.

26. Pursuant to Florida Statute Section 768.28, Plaintiff, James Brown, caused to be delivered to the Clerk of the Commissioner's office, Miami Beach, a written claim for injuries suffered at the hands of City of Miami Beach. (see attached exhibit "D"). Such letter was received by the Mayor's office on or about 2/14/97. (see attached Exhibit "D").

27. Pursuant to Florida Statute Section, 768.28, Plaintiff, James Brown, caused to be delivered to the State Department of Insurance, Tom Gallagher, a written claim for injuries suffered. (see attached exhibit "E"). Such letter was received by the State Department of insurance on 2/17/97. (see attached exhibit "E").

28. Over six (6) months have passed since this submission of such claim by Plaintiff, James Brown, but each above quoted state agency has failed to dispose of such claim.

## COUNT I

### Section 1983 Liability Individual Capacity

### Brought by James Brown against Officer Dozier and Unknown Defendant

COMES NOW, Plaintiff, James Brown, and sues officer Dozier and Unknown Defendant for section 42 U.S.C. 1983 violations and allege as follows:

29. Plaintiff realleges paragraphs one (1) through twenty-eight (28) as if fully set forth herein.

30. The actions of the Defendants, Dozier and Unknown whereby they unlawfully detained Plaintiff and placed malicious charges against him were done intentionally, with

7
12/09/97
Initial Complaint

malice, or with deliberate indifference and callous disregard of Plaintiff's rights and with the express purpose of causing the Plaintiff tremendous physical injuries, financial loss, embarrassment, mental, emotional and psychological suffering, and loss of income.  These actions caused Plaintiff to be deprived of his liberty without due process of law, in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. section 1983.

31.  The actions of Defendant, Dozier, whereby he, intentionally, and with malice, or deliberate indifference and callous disregard of Plaintiff's rights, smashed Plaintiff's orbital bone, deprived Plaintiff of his right to Due Process of law in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States and of his right to be free of unreasonable searches and seizures as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. 1983.

Wherefore, Plaintiff, James Brown, prays this Court enter Judgment for all damages, compensatory and punitive, award attorney's fees and costs pursuant to the provisions of 42 U.S.C. section 1988 against the Defendants, Dozier and Unknown individually and demand a trial by jury on all issues so trialable as of right.

## COUNT II

### City of Miami Beach section 1983 Liability, Official Capacity
### Brought by James Brown against City of Miami Beach

COMES NOW, Plaintiff, James Brown, and sues the City of Miami Beach for section 42 U.S.C. 1983 violations and allege as follows:

32.  Plaintiff re-alleges paragraphs one (1) through thirty-one (31) of the Complaint as if fully set forth herein.

33.  Acting under color of law, the City of Miami Beach and the City of Miami Beach Police Department has engaged in a long standing custom, policy, and practice of permitting its officers to: (1) unlawfully and maliciously harass a citizen who is acting in accordance with his constitutional and statutory rights, privileges, and immunities; (2) unlawfully and maliciously arrest, imprison and prosecute a citizen who was acting in accordance with his constitutional and statutory rights, privileges and immunities; and (3) unlawfully and maliciously assault and beat a citizen or to otherwise use unreasonable and excessive force before, during, or after making of an arrest, whether the arrest was lawful or unlawful.

34.  Defendant, City of Miami Beach, through the Police Department, had knowledge or, had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs complained of, as therefore alleged, would be committed.  Defendant, City of Miami, through the Police Department, had the power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiff's rights failed or refused to do so.

9
12/09/97
Initial Complaint

35. It was this custom, policy, and practice of the City of Miami Beach and the City of Miami Beach Police Department which directly led to the abuse, false arrest, false imprisonment, violation of Civil Rights and outrageous conduct visited upon the Plaintiff, Brown, in this action.

36. It is the ratification and continuing ratification of the actions of Officers such as Defendants, Dozier, and Unknown, by the City of Miami Beach in this action which directly led to the beating, abuse, false arrest, false imprisonment, violation of the Civil Rights and outrageous conduct visited upon Plaintiff, Brown.

37. The Plaintiff, Brown, as well as all other citizens of the City of Miami Beach, are entitled to equal protection of the laws, due process of law and to be free from abuses, unlawful arrests, illegal searches and seizures pursuant to the Fifth, Fourth and Fourteenth Amendments of the Constitution of the United States as protected under 42 U.S.C. section 1983. Yet, the City of Miami Beach and the City of Miami Beach Police Department have long ratified, condoned, and in fact under various circumstances even encouraged the type of Constitutional violations visited upon the Plaintiff, Brown, by Defendants, Dozier, Unknown and the City of Miami Beach.

38. As a direct and proximate cause of the acts of Defendants, Dozier, Unknown and City of Miami Beach, Plaintiff, Brown, suffered physical injury, loss of income, medical expenses, and severe mental anguish in connection with the deprivation of his constitutional and statutory rights as guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the Untied States and protected by 42 U.S.C. section 1983.

10
12/09/97
Initial Complaint

Wherefore, Plaintiff, James Brown, prays this Court enter Judgment against the City of Miami Beach, in its official capacity, for a violation of section 1983, costs, as well as attorney's fees pursuant to provisions of section 1988 and demands a trail by jury of all issues so trialable as of right by jury.

## COUNT III

### Negligence claim, brought by James Brown against City of Miami Beach

COMES NOW, Plaintiff, James Brown, and sues City of Miami Beach for Negligence.

39. Plaintiff, re-alleges paragraphs one (1) through twenty-eight (28) as if fully set forth herein.

40. The police officers, employees of Defendant, City of Miami Beach, who arrested Mr. Brown, including officer Dozier, had a duty to use only that degree of force necessary to restrain Mr. Brown for arrest and/or to defend their person.

41. No illegal act was taken by James Brown and no force was used by the Plaintiff, Brown, which was directed at any officer of the City of Miami Beach during his apprehension on February 6, 1997.

42. Defendant, City of Miami Beach, through their employees, including officer Dozier, used force against Mr. Brown while acting within the course and scope of their employment, which exceeded the force necessary to restrain Mr. Brown for arrest and/or for defense of their person.

11
12/09/97
Initial Complaint

43. Such duty owed to Mr. Brown was breached by Defendant, City of Miami Beach, when such excessive force was used by City of Miami Beach employees, including officer Dozier.

44. As a direct and proximate result of this breach of duty owed to Mr. Brown by City of Miami Beach, Mr. Brown was injured in and about his body and extremities, suffered pain and mental anguish, loss of capacity to enjoy life therefrom, incurred medical expenses in the treatment of the injuries and suffered physical handicap. The injuries are either permanent and/or continuing in nature and Plaintiff will suffer losses and impairment in the future.

WHEREFORE Plaintiff, James Brown, demands judgment for damages against Defendant, City of Miami Beach, and demands a trial by jury of all issues triable as of right by jury.

## COUNT IV

### Battery brought by James Brown against City of Miami Beach

COMES NOW, Plaintiff, James Brown, and sues Defendant, City of Miami Beach, for Battery and alleges as follows:

45. Plaintiff re-alleges paragraphs one (1) through twenty-eight (28) as if fully set forth herein.

46. On February 6, 1997, While acting within the course and scope of their employment as officers of the City of Miami Beach, Defendants Dozier and Unknown, did, without consent, cause, provocation, encouragement, or inducement by Plaintiff, intentionally lay their hands upon the Plaintiff's person against Plaintiff's will when unknown Defendant

12
12/09/97
Initial Complaint

restrained Mr. Brown and Defendant, Dozier, placed the club upon the face of Plaintiff, James Brown.

47. That as a direct and proximate result of said assault, Plaintiff was seriously injured in and about his body and extremities, suffered pain and mental anguish, loss of capacity to enjoy life therefrom and incurred medical expenses in the treatment of this injuries. The injuries are either permanent and/or continuing in nature and Plaintiff will suffer losses and impairment in the future.

Wherefore, Plaintiff demands judgment for damages against Defendant, City of Miami Beach, and demands a trial by jury of all issues triable as of right by jury.

## COUNT V:

### Battery brought by James Brown against Officer Dozier

COMES NOW, Plaintiff, James Brown, and sues Defendant, Dozier, for Battery and alleges as follows:

48. Plaintiff re-alleges paragraphs one (1) through twenty-eight (28) as if fully set forth herein.

49. That on or about February 6, 1997, Officer Dozier, without consent, cause, provocation, encouragement, or inducement by Plaintiff, violently and forcibly laid his hands upon the Plaintiff's person against Plaintiff's will by cracking Mr. Brown in the eye with a club, shattering his orbital. This act was done intentionally, wantonly, willfully and maliciously and was excessive under the circumstances. The Defendant, Dozier, was not acting within the course and scope of his employment with the City of Miami Beach when he committed this battery upon Plaintiff, James Brown.

13
12/09/97
Initial Complaint

50.  That as a direct and proximate result of said assault, Plaintiff was seriously injured in and about his body and extremities, suffered pain and mental anguish, loss of capacity to enjoy life therefrom and incurred medical expenses in the treatment of the injuries.  The injuries are either permanent and/or continuing in nature and Plaintiff will suffer losses and impairment in the future.

51.  Plaintiff reserves the right to amend this Complaint for damages to include a claim for punitive damages after a proffer has been made and approved by this Honorable Court pursuant to Fla. Stat. section 768.72

WHEREFORE Plaintiff demands judgment for damages against Defendant, Dozier, and demands a trial by jury of all issues triable as of right by jury.

## COUNT VI

### False Imprisonment/Arrest brought by James Brown against Dozier and Unknown Defendant

COMES NOW, Plaintiff, James Brown and sues Defendant, Dozier and Unknown Defendant for False Imprisonment/Arrest and alleges as follows:

52.  Plaintiff paragraphs one (1) through twenty-eight (28) as if fully set forth herein.

53.  That on or about February 6, 1997, in Dade County Florida, Defendant, Dozier, acting in concert with Unknown Defendant, made an assault with force and arms upon the Plaintiff, thereby restraining Brown and then and there imprisoned and detained him in prison, without any reasonable or probable cause whatsoever, depriving him of his liberty

14
12/09/97
Initial Complaint

for the space of time, contrary to the laws of this State and against the will of the Plaintiff, and did then and there do other wrongs to the Plaintiff by threatening him physically.

54. These acts were done, wantonly, willfully, intentionally and maliciously, for the purpose of causing Plaintiff, Brown, injury. The Defendants were not acting within the course and scope of their employment with the City of Miami Beach when they committed these acts.

55. As a direct and proximate result of this act of Defendants, Dozier and Unknown, of depriving Plaintiff, Brown, of this liberty, Plaintiff, Brown, sustained injuries, both physical and emotional, and suffered great mental anguish, embarrassment, humiliation, deprivation of liberty and disgrace as well as injury to his reputation.

56. Plaintiff reserves the right to amend this Complaint for damages to include a claim for punitive damages after a proffer has been made and approved by this Honorable Court pursuant to Fla. Stat. section 768.72.

Wherefore, Plaintiff, James Brown, demands judgment for damages against Defendant, Dozier and Unknown, and demands a trial by jury of all issues triable as of right by jury.

Respectfully Submitted,
Law Offices of Joseph S. Shook, Esq.
and Associates,

BY: _____

Joseph S. Shook, Esq.
201 Alhambra Circle, # 502
Coral Gables Fl, 33134
Phone (305) 446-4177

1
12/09/97
Initial Complaint

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### Miami Division


JAMES BROWN, individually
      Plaintiff,

                                 Case No.: 97-
vs.                             FBN: 0780715

CITY OF MIAMI BEACH, a Municipal Corporation
in Dade County, State of Florida; OFFICER DOUGLAS
DOZIER, an individual, and an OTHER UNKNOWN
PERSON, employed by City of Miami Beach.

                Defendants.

_____/


## EXHIBIT "A"


1. ARREST AFFIDAVIT OF ARSLAN SABANAC

COMPLAINT/ARREST AFFIDAVIT

| OBTS Number | ☐ Felony  ☒ Misdemeanor  ☐ Traffic ☐ Juvenile ☐ Warrant | Jail No. 97-12204 | Police Case No. 97-4570 |
|---|---|---|---|

| IDS No: | Agency Code 02 | Municipal P.D. Def. ID No. 97-1341 | MDPD Records and ID No. | Court Case No. B97-6571 |

**DEFENDANT'S NAME** Last Brown First James Middle Michael | DOB mo/day/yr 101068 | Sex M | Race W | Ethnic | Height 5'8 | Weight 135 | Hair BN | Eyes BN

**LOCAL ADDRESS** Street #1745 2899 Collins Ave City M. Bch. State FL Zip 33139 | Phone 672-0655 | Alias

**PERMANENT ADDRESS** Street S/A Local City State Zip | Phone Same | Address Source ☒ Verbal ☐ Voter's I.D. ☐ Driver's License ☐ Other

**BUSINESS ADDRESS** Street Eden Roc City State | Phone N/A | Occupation | Place of Birth New Jers

**DRIVER'S LICENSE NO.** B 650 453 68 362 8 | State FL | Social Security No. 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 | Scars, Tattoos, Unique Physical Features

**Weapon Seized/Type** DYN / KON N/A | Arrest Date mo/day/yr 02/06/97 | Arrest Time 1032 ☐ A.M. ☒ P.M. | Arrest Location (include name of business) 300 Blk of 20 Street | GRID 5

If Def. has Concealed Weapons Permit. PERMIT # N/A | For Robbery, Burglary, F/A Viol: Suspected history of drug involvement? ☐ Yes ☒ Unk | No. Cases Cleared | Influence of Drugs ☐ Yes ☐ No ☒ Unk | Influence of Alcoh. ☐ Yes ☐ No ☒ Unk | Citizenship USA | Resid. Type: ☒ City ☐ Dade ☐ Florida ☐ State

**CO-DEFENDANTS** Last First Middle | DOB mo/day/yr | ☐ In Custody ☐ Felony ☐ Juvenile ☐ At Large ☐ Misdemeanor

Last First Middle | DOB mo/day/yr | ☐ In Custody ☐ Felony ☐ Juvenile ☐ At Large ☐ Misdemeanor

**DRUG ACTIVITY**: N. N/A  P. Possess | S. Sell  B. Buy  T. Traffic | R. Smuggle  D. Deliver  E. Use | K. Dispense/ Distribute  Z. Other | M. Manufacture/ Produce/ Cultivate | **DRUG TYPE**: N. N/A  A. Amphetamine | B. Barbiturate  C. Cocaine  E. Heroin | H. Hallucinogen  M. Marijuana  O. Opium/Deriv. | P. Paraphernalia/ Equipment  S. Synthetic | U. Unknown  Z. Other

**SIGNAL:** ☐ 100  ☐ 150  ☐ 200  ☐ 250  ☐ 300  ☐ 400

| CHARGES | Activity | Type | Counts | STATUTE | D.V. | ☐ AC ☐ CAPIAS ☐ BW ☐ FW ☐ PWO CIT# | VIOLATION OF SECT. |
|---|---|---|---|---|---|---|---|
| Resisting w/o Violence | N | M | 1 | 843.02 | | | 2588 |
| B/W D.W.L.S | N | | 1 | Issued 08-26-96 $1500.00 | | 48907.02 | 25-88 |
| | | | | | | | OF THE CODE OF M.a. Bch |

The undersigned certifies and swears that he has just and reasonably grounds to believe, and does believe that the above named Defendant

On the 06 day of February 19 97 at 1031 ☐ A.M. ☒ P.M. at 20th Street & Liberty Chp (Thu) (Time) (Location, include name of business)

committed the following violation of law: Narrative; (Be specific)

THE D. WAS PRESENT DURING A BUY/BUST NARCOTICS OPERATION INVOLVING CI #306 & U/C DET. DUQUE. DURING THE "JUMP-OUT" PHASE OF THE OPERATION THE D. WAS ORDERED TO STOP. THE D. TOOK OFF RUNNING EASTBOUND ON 20 ST. TOWARDS LIBERTY AVE. IGNORING AN ORDER TO HALT THE D. WAS STOPPED BY DE. DOVER. A COMPUTER CHECK REVEALED THAT THE D. HAD AN ACTIVE B/W ISSUED 08-26-96. POST MIRANDA THE D. ADMITTED HE WAS GOING TO PURCHASE "A JOINT" WHEN P.D. ARRIVED — PAGE 1 OF 1

**Hold for Other Agency** Agency _____ Verified by _____

I Swear that the above Statement is correct and true to the best of my knowledge and belief

Officer D. Duque D

Officer's Name (Print) R. Rogue

Officer's Signature Mia. Bch. | 343 | 02

Department Name | Court ID Number/Loc. Code

12.02.09-9   Rev. 4/96

☐ HOLD FOR BOND HEARING. DO NOT BOND OUT (Officer Must Appear at Bond Hearing).

Sworn to and subscribed before me, the undersigned authority, this 06 day of Feb 97

Deputy of the Court or Notary Public
MIAMI BCH

☐ I understand that should I willfully fail to appear before the court as required by this notice to appear that I may be held in contempt of court and a warrant for my arrest shall be issued. Furthermore, I agree that notice concerning the time, date, and place of all court hearings should be sent to the above address. I agree that it is my responsibility to notify Clerk of the Court (Juveniles notify Family Division Juvenile Section) anytime that my address changes.

☐ You need not appear in court, but must comply with the instructions on reverse side hereof.

Signature of Defendant / Juvenile and Parent or Guardian

**STATE ATTORNEY COPY**

1
12/09/97
Initial Complaint

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### Miami Division

JAMES BROWN, individually
      Plaintiff,

                             Case No.: 97-
vs.                           FBN: 0780715

CITY OF MIAMI BEACH, a Municipal Corporation
in Dade County, State of Florida; OFFICER DOUGLAS
DOZIER, an individual, and an OTHER UNKNOWN
PERSON, employed by City of Miami Beach.

            Defendants.

_____/

## EXHIBIT "B"

1. DEPOSITION OF JOSEPH DUQUE

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL COURT
IN AND FOR DADE COUNTY, FLORIDA

CRIMINAL DIVISION

CASE NUMBER B97-6399

THE STATE OF FLORIDA,

      Plaintiff,

vs.

JAMES BROWN,

        Defendant.

_____/



DEPOSITION OF OFFICER JOSEPH DUQUE

      Taken at Room 306, Richard Gerstein
Metro-Justice Building, 1351 Northwest 12th Street, Miami,
Florida, on June 6, 1997, commencing at 4:35 p.m. pursuant
to Notice

- - - - -

CASTILLO & CASTILLO 123 N.W. 12th Ave., Miami, FL 3312

1    this man, did you ever happen to run into James Brown

2    any way?

3          A      I ran into James Brown prior to this inciden

4    actually unfolding.

5          Q      Okay.

6          A      Mr. Brown approached me.

7          Q      Okay, but James Brown was arrested after this

8    guy you said?

9          A      That's correct.

10         Q      Okay.

11                Why was he arrested after this guy?  Didn't

12   you give a signal for a take down with him?

13         A      I gave --

14         Q      Or jump out?  I'm sorry.

15         A      I gave the signal for the subject, who I had

16   made the purchase from.

17         Q      Okay, but you never gave a signal on James

18   Brown?

19         A      That's correct.

20         Q      Why didn't you give a signal on James Brown?

21         A      I hadn't made any transaction with Brown.

22         Q      Right.

23                And you say that the signal that you use is

24   the means by which you communicate to the other officers

25   whether or not you think a crime was just committed or

1    Q    Yes.

2    A    Because he was in very close proximity to

3    where I was when I made my transaction.

4    Q    But there is another individual who actually

5    did the sale.

6    A    That's correct.

7    Q    And it wasn't James Brown.

8    A    That's correct.

9    Q    So at that point in time, you give one signal

10   and when you gave that signal you had just talked with

11   two individuals, correct, James Brown and the other

12   person?

13   A    Yes, I had talked to both of them.

14   Q    Okay.

15        You had already talked to both of them.

16        Were the officers close enough to see if money

17   or anything else was exchanged?

18   A    I don't know.

19   Q    But they were listening to you?

20   A    Yes.

21   Q    Now, the officers that were listening to you,

22   were they also the officers who were doing the jump out

23   A    I can't tell you that without having the

24   Arrest Report in front of me.  I don't know.

25   Q    You don't remember who was doing the jump out

```
1
12/09/97
Initial Complaint
```

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### Miami Division

JAMES BROWN, individually
          Plaintiff,

                                          Case No.: 97-
vs.                                       FBN: 0780715

CITY OF MIAMI BEACH, a Municipal Corporation
in Dade County, State of Florida; OFFICER DOUGLAS
DOZIER, an individual, and an OTHER UNKNOWN
PERSON, employed by City of Miami Beach.

          Defendants.

_____/

### EXHIBIT "C"

1. ARREST AFFADIVIT OF JAMES BROWN

OBTS Number | ☒ Felony ☐ Misdemeanor ☐ Traffic ☐ Juvenile ☐ Warrant | Jail No. | Police Case No **97-4567**

IDS No. | Agency Code **02** | Municipal P.O Del ID No **97-1339** | MDPD Records and ID No | Court Case No

DEFENDANT'S NAME (Last, First, Middle) **Sabanac, Arslan** | DOB mo.day/yr **01/05/72** | Sex **m** | Race **W** | Finan'c | Heigh **5'8** | Weight **150** | Hair **BRN** | Eyes **BL**

LOCAL ADDRESS (Street) **1732 Collins Ave #3216** Catalina Hotel | City **M. Bch** | State **FL** | Zip **33139** | Phone **674-1160** | Alias

PERMANENT ADDRESS **SAME** | Street | City | State | Zip | Phone | Address Source ☒ Verbal ☐ Voter's ☐ Driver's License ☐ Other

BUSINESS ADDRESS **UNKNOWN** | Street | City | Zip | Phone | Occupation **Vendor** | Place of Birth **BOSNIA**

DRIVER'S LICENSE NO **NONE ON PERSON** | State | Social Security No. **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** | Scars/Tattoos/Unique Physical Features **L/ARM-Flower - L/ARM tiger**

Weapon Seized? Type ☐ Yes ☒ No | Arrest Date mo/day/yr **02/06/97** | Arrest Time **10:30** ☐ AM ☒ PM | Arrest location (include name of business) **300 BLK OF 20 Street** | GRID **5**

If Deft. has Concealed Weapons Permit. PERMIT # | For Robbery, Burglary, F/A Viol: Suspected history of drug involvement? ☒ Yes ☐ Unk | No Cases Cleared **0)** | Influence of Drugs ☐ Yes ☐ No ☒ Unk | Influence of Alcoh. ☐ Yes ☐ No ☐ Unk | Citizenship **Resident** | Resid. Type: ☒ City ☐ Florida ☐ Dade ☐ Out of State

CO-DEFENDANTS | Last | First | Middle | DOB mo/day/yr | ☐ In Custody ☐ Felony ☐ Juvenile ☐ At Large ☐ Misdemeanor

2. | Last | First | Middle | DOB mo/day/yr | ☐ In Custody ☐ Felony ☐ Juvenile ☐ At Large ☐ Misdemeanor

DRUG ACTIVITY: S Sell, P Buy, T Traffic / R Smuggle, D Deliver, E Use / K Dispense/ Distribute, Z Other / M Manufacture/Produce/Cultivate | DRUG TYPE: N N/A, A Amphetamine / B Barbiturates, C Cocaine, E Heroin / H Hallucinogen, M Marijuana, O Opium, Derv / P Paraphernalia/ Equipment, S Synthetic / U Unknown, Z Other

SIGNAL: ☐ 100 ☐ 150 ☐ 200 ☐ 250 ☐ 300 ☐ 400

| | CHARGES | Activity | Type | Counts | STATUTE | D.V. | ☐ AC ☐ CAPIAS ☐ BW ☐ PW ☐ PWU CIT | VIOLATION OF SECT |
|---|---|---|---|---|---|---|---|---|
| 1. | Sale of Cocaine (under) | S | C | 1 | 893.13 | | | 25-88 |
| 2. | Poss. of Cocaine (under) | P | C | 1 | 893.13 | | | 25-88 |
| 3. | | | | | | | | OF THE CODE OF **M. Bch** |

The undersigned certifies and swears that he has just and reasonable grounds to believe, and does believe that the above named Defendant On the **06** day of **Febuary** 19 **97** At **1:31** ☐ AM ☒ PM (Time) **20th Street + Liberty Ave** (Location include name of bus iness)

committed the following violation of law Narrative (Be specific) **W/C APPROACHED BY DEF & AFTER A BRIEF CONVERSATION, I HAVE CD HIM $20.00 (OAF) IN EXCHANGE FOR (1) LARGE PIECE OF CRACK COCAINE. TAKEDOWN BY DEFUSCO & BEJAR. OAF RECOVERED IN DEF'S RT. FRONT POCKET BY DEFUSCO. COCAINE (FTP) BY YOUNG. LISTENING DEVICE - BEJAR/DEFUSCO. ALL EVIDENCE IMPOUNDED BY WRITER. TRANS DCJ.**

PAGE **1** of **1**

COURT COPY

Hold for Other Agency Agency _____ Verified by _____
I Swear that the above Statement is correct and true to the best of my knowledge and belief

Officer's Name (Print) **Duque, J.**

Officer's Signature

Dept/Div and Name **Miami Beach** | Court ID Number/Loc. Code **347** ☐ **02**

☐ HOLD FOR BOND HEARING DO NOT BOND OUT (Officer must Appear at Bond Hearing).
Sworn to and subscribed before me, the undersigned authority, this **6** day of **Feb** 19 **97**
Deputy of the Court or Notary Public

☐ I understand that should I willfully fail to appear before the court as required by this notice to appear that I may be held in contempt of court and a warrant for my arrest shall be issued. Furthermore, I agree that notice concerning the time, date, and place of all court hearings should be sent to the above address. I agree that it is my responsibility to notify Clerk of the Co (Juveniles notify Family through Juvenile Section) anytime that my address changes.

☐ You need not appear in court, but must comply with the instructions on the reverse side hereof.

Signature of Defendant (Juvenile and Parent or Guardian)

1
12/09/97
Initial Complaint

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### Miami Division

JAMES BROWN, individually
      Plaintiff,

                                Case No.: 97-
vs.                           FBN: 0780715

CITY OF MIAMI BEACH, a Municipal Corporation
in Dade County, State of Florida; OFFICER DOUGLAS
DOZIER, an individual, and an OTHER UNKNOWN
PERSON, employed by City of Miami Beach.

                  Defendants.
_____ _____ /

### EXHIBIT "D"

1. LETTER AND RETURN RECEIPT TO CLERK OF COMMISSIONER'S OFFICE,

MIAMI BEACH

LAW OFFICES

# JOSEPH S. SHOOK

SUITE 502 PONCE DE LEON PLAZA
201 ALHAMBRA CIRCLE
CORAL GABLES, FLORIDA 33134

APPELLATE DESIGNATED
PENNSYLVANIA STATE BAR

TELEPHONE  446-4177
AREA CODE (305)

February 13, 1997

City of Miami Beach
Clerk of County Commissioner's office
1700 Convention Center Drive
4th Floor
Miami Beach, FL, 33139

## CERTIFIED/RETURN RECEIPT

Re:  Notice of Claim by Mr. James M. Brown against City of Miami Beach and its agents for damages for negligent and intentional use of excessive force, aggravated battery and false imprisonment, pursuant to Florida Statute section 768.28 (6)(a).

Dear Commissioners:

This office represents Mr. James M. Brown relative to injuries he sustained as a result of the actions and omissions of the City of Miami Beach and its agents, whereby this municipality and numerous of its agents: used that degree of force against Mr. Brown which was excessive, (intentionally and negligently); falsely imprisoned him when they misidentified him for another person who was selling narcotics (intentionally and negligently); and committed extortion, all while armed and masked, on February 6, 1997.

The City of Miami Beach and a number of its various agents did commit these above described acts, causing Mr. James Brown's facial bones to become fractured in numerous places; all actions or omissions causing Mr. Brown to suffer permanent bone, nerve and cosmetic injury.  These actions and omissions of the City of Miami Beach and its agents (officers) have caused Mr. Brown to experience extreme mental pain and anguish.

We hereby make a demand for the Statutory limit of damages in the amount of $100,000.00.

Sincerely,

Joseph S. Shook, Esq.
Av:

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write *'Return Receipt Requested'* on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):

1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

| 3. Article Addressed to: | 4a. Article Number |
|---|---|
| City of Miami Beach Clerk of County Commission Office 1700 Convention Center Dr 4th Floor M Beach, Fl 33139 | E-727 085-677 |

4b. Service Type
- ☐ Registered
- ☑ Certified
- ☐ Express Mail
- ☐ Insured
- ☐ Return Receipt for Merchandise
- ☐ COD

7. Date of Delivery  1/14/97

5. Received By: (Print Name)

8. Addressee's Address (Only if requested and fee is paid)

6. Signature: (Addressee or Agent)
X  D. Mahade

Is your RETURN ADDRESS completed on the reverse side?

Thank you for using Return Receipt Service.

**Domestic Return Receipt**

PS Form **3811,** December 1994

---

Z 727 085 677

**Receipt for Certified Mail**
No Insurance Coverage Provided
Do not use for International Mail
(See Reverse)

UNITED STATES POSTAL SERVICE

| | |
|---|---|
| Sent to City of Miami Beach | |
| Street and No. Clerk of County Commission | |
| P.O., State and ZIP Code 1700 Convention CD Office | |
| Postage 4th Floor | $ 32 |
| Certified Fee M Beach, Fl 33139 220 | |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | |
| Return Receipt Showing to Whom, Date, and Addressee's Address | |
| TOTAL Postage & Fees | $ 2.52 |
| Postmark or Date | |

PS Form **3800,** March 1993

1
12/09/97
Initial Complaint

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### Miami Division

JAMES BROWN, individually
       Plaintiff,

                                   Case No.: 97-
                                   FBN: 0780715

vs.

CITY OF MIAMI BEACH, a Municipal Corporation
in Dade County, State of Florida; OFFICER DOUGLAS
DOZIER, an individual, and an OTHER UNKNOWN
PERSON, employed by City of Miami Beach.

              Defendants.

_____/

## EXHIBIT "E"

1. LETTER AND RETURN RECEIPT TO INSURANCE COMMISSIONER

LAW OFFICES

# JOSEPH S. SHOOK

SUITE 502 PONCE DE LEON PLAZA
201 ALHAMBRA CIRCLE
CORAL GABLES, FLORIDA 33134

TELEPHONE : 446-4177
AREA CODE (305)

APPELLATE DESIGNATED
PENNSYLVANIA STATE BAR

February 13, 1997

State Department of Insurance
Att.: Insurance Commissioner
The Capitol,
Tallahassee FL, 32399-0300
(904)922-3100                    **CERTIFIED/ RETURN RECEIPT**

Re: Notice of Claim by Mr. James M. Brown against City of Miami Beach and its agents
for damages for negligent and intentional use of excessive force, aggravated battery and
false imprisonment, pursuant to Florida Statute section 768.28(6)(a).

Dear Commissioner:

     This office represents Mr. James M. Brown relative to injuries he sustained as a
result of the actions and omissions of the City of Miami Beach and its agents, whereby this
municipality and numerous of its agents: used that degree of force against Mr. Brown
which was excessive, (intentionally and negligently); falsely imprisoned him when they
misidentified him for another person who was selling narcotics (intentionally and
negligently); and committed extortion, all while armed and masked, on February 6, 1997.

     The City of Miami Beach and a number of its various agents did commit these
above described acts, causing Mr. James Brown's facial bones to become fractured in
numerous places; all actions or omissions causing Mr. Brown to suffer permanent bone,
nerve and cosmetic injury.  These actions and omissions of the City of Miami Beach and
its agents (officers) have caused Mr. Brown to experience extreme mental pain and
anguish.

     We hereby make a demand for the Statutory limit of damages in the amount of
$100,000.00.

Sincerely,

Joseph S. Shook, Esq.
AV:

Z 727 085 678

**Receipt for Certified Mail**

No Insurance Coverage Provided
Do not use for International Mail
(See Reverse)

| | |
|---|---|
| Sent to | |
| Street and No. | |
| P.O., State and ZIP Code | |
| Postage | $ 32 |
| Certified Fee | 2.20 |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | |
| Return Receipt Showing to Whom, Date, and Addressee's Address | |
| TOTAL Postage & Fees | $ 2.52 |
| Postmark or Date | |

PS Form 3800, March 1993

---

**SENDER:**
• Complete items 1 and/or 2 for additional services.
• Complete items 3, 4a, and 4b.
• Print your name and address on the reverse of this form so that we can return this card to you.
• Attach this form to the front of the mailpiece, or on the back if space does not permit.
• Write "Return Receipt Requested" on the mailpiece below the article number.
• The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):

1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:

State Dept of Insurance
Attn: Insurance Commissioner
The Capitol

4a. Article Number
    Z - 727 085 678

4b. Service Type
☐ Registered          ☒ Certified
☐ Express Mail        ☐ Insured
☐ Return Receipt for Merchandise   ☐ COD

7. Date of Delivery
   FEB 1997

5. Received By: (Print Name)

6. Signature: (Addressee or Agent)
   X

8. Addressee's Address (Only if requested and fee is paid)

PS Form 3811, December 1994          Domestic Return Receipt

**Is your RETURN ADDRESS completed on the reverse side?**

# CIVIL COVER SHEET

97-3986

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**

James Brown

**DEFENDANTS**

City of Miami Beach, Officer Douglas Dozier and Unknown Defendant.

MAGISTRATE JUDGE
TURNOFF

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Dade
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

Ackde/97cv3986/Lenard/Jottingo

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Joseph S. Shook, Esq.
201 Alhambra Circle, #502, Coral Gables
FL, 33134 (305) 446-4177

ATTORNEYS (IF KNOWN)

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
**DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS**

## II. BASIS OF JURISDICTION

(PLACE AN X ONE BOX ONLY)

- [ ] 1. U.S. Government Plaintiff
- [x] 3. Federal Question (U.S. Government Not a Party)
- [ ] 2. U.S. Government Defendant
- [ ] 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES

(For Diversity Case Only)

(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. CAUSE OF ACTION

DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.) (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.

42 U.S.C. 1983 Claims and pendent state claims.

**IVa.** 3 days estimated (for both sides) to try entire case

## V. NATURE OF SUIT

(PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 States Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury-Med Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personnel Injury Product Liability | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 450 Commerce/ICC Rates/etc. B |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | **PERSONAL PROPERTY** | [ ] 640 R.R. & Truck | [ ] 830 Patent | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 370 Other Fraud | [ ] 650 Airline Regs | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl Veterans) B | [ ] 345 Marine Product Liability | [ ] 371 Truth in Lending B | [ ] 660 Occupational Safety/Health | **B SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits B | [ ] 350 Motor Vehicle | [ ] 380 Other Personal Property Damage | [ ] 690 Other | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholder's Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 385 Property Damage Product Liability | **A LABOR** | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12USC3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | | [ ] 710 Fair Labor Standards Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Management Relations B | [ ] 864 SSID Title XVI | [ ] 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | [ ] 730 Labor Management Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [x] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 740 Railway Labor Act | **A FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure B | [ ] 442 Employment | Habeas Corpus | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations | [ ] 530 General * | [ ] 791 Employee Ret. Inc. Security Act B | [ ] 871 IRS-Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [x] 440 Other Civil Rights | [ ] 540 Mandamus & Other * | | | [ ] 890 Other Statutory Actions * A or B |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights * A or B | | | |

## VI. ORIGIN

(PLACE AN X IN ONE BOX ONLY)

- [x] 1 Original Proceeding
- [ ] 2 Removed From State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Refiled
- [ ] 5 Transferred from another district (Specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A  **CLASS ACTION**
- [ ] UNDER F.R.C.P. 23

**DEMAND $**

Check YES only if demanded in complaint:
**JURY DEMAND:** [x] YES  [ ] NO

## VIII. RELATED CASE(S) IF ANY

(See Instructions):

JUDGE  N/A

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY: Receipt No. 685151

Date Paid: 12/10/97

Amount: 150.00

M/ifp: